# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**MICHAEL K. BROOKS**                                                                                        **PLAINTIFF**

**v.**                                             **Case No. 4:16-cv-00847-KGB/JJV**

**JASON MEADOUGH, Sergeant,**
**Wrightsville Unit; et al**                                                                                 **DEFENDANTS**

## ORDER

The Court has received Proposed Findings and Recommendations ("Recommendations") from Magistrate Judge Joe J. Volpe (Dkt. No. 30). Plaintiff Michael K. Brooks filed a timely objection to the Recommendations (Dkt. No. 32). After a careful review of the Recommendations, Mr. Brooks's objection, and a *de novo* review of the record, the Court concludes that the Recommendations should be, and hereby are, approved and adopted as this Court's findings in all respects.

The Court writes separately to address Mr. Brooks's objections to the Recommendations. Mr. Brooks first states his failure to exhaust properly his administrative remedies is due to mysterious missing pages and unjust treatment (Dkt. No. 32, ¶ 1). Despite allegations of unjust treatment, Mr. Brooks is still required to exhaust. *See* 42 U.S.C. § 1997e(a). Moreover, Mr. Brooks has put forth only conclusory statements concerning mysterious missing pages, despite assertions that he had proof that his "Grievance was convenient lost [sic] and then returned to the Plaintiff after the fact" (Dkt. No. 29, ¶ 4). "When the moving party has met its initial burden under Rule 56, the nonmoving party must meet proof with proof, and if the nonmoving party fails to do so, summary judgment, if appropriate, must be entered." *Hopkins v. Arkansas*, No. 4:05CV00873 JLH, 2007 WL 2996842, at *2 (E.D. Ark. Oct. 12, 2007), *aff'd*, 329 F. App'x 680 (8th Cir. 2009).

Defendant Melanie Jones has put forth evidence that Mr. Brooks has not exhausted his administrative remedies. Mr. Brooks has failed to meet proof with proof.

Mr. Brooks next makes assertions regarding the grievance procedure itself. Mr. Brooks states that he was never informed why grievance WR-16-00338 was rejected as either non-grievable, untimely, duplicative, frivolous, or vexatious (Dkt. No. 20, at 3). He also states that forcing inmates to write their appeal in the small space given is "nothing more than a malicious attempt to prevent inmates from expressing and or seeking proper justice in relation to certain issues." (Dkt. No. 32, at 2). First, grievance WR-16-00338 was rejected as a duplicate of WR-16-00097, as stated on the "Acknowledgment or Rejection of Unit Level Grievance," which was signed by Mr. Brooks (Dkt. No. 20, at 4). Accordingly, based on record evidence, Mr. Brooks was aware of the reason for WR-16-00338's initial rejection.

Additionally, while the Court agrees that the space for writing an inmate appeal is small, it does not agree that it prevents inmates from "expressing and or seeking proper justice," nor that this small space results in a constitutional violation. Inmates have no right to a prison grievance procedure. *Thurmond v. Byrd*, No. 4:07CV01089 BSM, 2008 WL 2782674, at *3 (E.D. Ark. July 3, 2008). Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts. *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Mr. Brooks has not identified a federal constitutional right of which he was deprived because of the alleged inadequacies in the grievance procedures. He makes no argument that he was treated differently from other similarly situated prisoners, or that his grievances were ignored because of his exercise of his constitutional rights, or that his ability to exercise any specific constitutional right was chilled by defendants' alleged actions. Accordingly, this objection fails.

Finally, Mr. Brooks states that defendant Melanie Jones's assertions regarding a lack of exhaustion are an attempt to "undermined [sic] the fact they not only failed to protect Plaintiff from undue injury his medical needs as a human being were overlooked and he has been treated with Deliberate Indifference in every aspect." (Dkt. No. 32, at 2). The Prison Litigation Reform Act requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a). Moreover, the Supreme Court of the United States has held that exhaustion is mandatory. *Jones v. Bock*, 549 U.S. 199, 211 (2007). Accordingly, a motion for summary judgment for lack of exhaustion is a valid affirmative defense, and Mr. Brooks's last objection has no merit. *See Id.* at 212.

It is therefore ordered that:

1. The Clerk shall amend the docket to reflect the full name of defendant Melanie Jones (Dkt. No. 18, at 1).

2. Defendant Melanie Jones's motion for summary judgment is granted (Dkt. No. 26).

3. Plaintiff Michael K. Brooks's claims against defendant Melanie Jones are dismissed without prejudice for failure to exhaust administrative remedies.

4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal from this Order would not be taken in good faith.

So ordered this 13th day of September, 2017.

_____
Kristine G. Baker
United States District Judge