# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

MICHAEL K. BROOKS                                                                                         PLAINTIFF
ADC #142122

v.                                              4:16cv00847-KGB-JJV

JASON MEADOUGH, Sergeant,
Wrightsville Unit; *et al.*                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the district judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the magistrate judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the magistrate judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the district judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     INTRODUCTION

Michael K. Brooks ("Plaintiff") is an inmate at the Wrightsville Unit of the Arkansas Department of Correction ("ADC"). In November 2016, he filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging several ADC Defendants violated his constitutional rights in connection with a trailer accident that occurred on March 7, 2016. (Doc. No. 2.) The majority of Plaintiff's claims have already been dismissed.[1] (Doc. Nos. 35, 36.) Plaintiff's remaining claim is that Defendants Sergeant Jason Meadough and Sergeant Daniel Laminack delayed for two hours in providing him with medical care for back injuries he sustained during the accident. (Doc. No. 2.) By way of relief, Plaintiff seeks monetary damages and an injunction against Defendants in both their official and individual capacities. (*Id.*)

Defendants Meadough and Laminack have filed a Motion for Summary Judgment on the merits of Plaintiff's inadequate medical care claim. (Doc. No. 46.) Plaintiff has not responded

---

[1]On September 13, 2017, the Court dismissed without prejudice: (1) all claims against Defendants Major Maxcie Foote and Dr. Melanie Jones due to a lack of exhaustion; and (2) the failure to protect, coercion, and retaliation claims against all Defendants for failing to state a claim upon which relief may be granted. (Doc. Nos. 35, 36.)

and this matter is now ripe for a decision. After careful review and for the following reasons, I find the Motion for Summary Judgment should be GRANTED and Plaintiff's inadequate medical care claim against Sergeants Meadough and Laminack should be DISMISSED with prejudice.

## II.     SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. Cty. of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.   FACTS**

The undisputed material facts, taken from Plaintiff's deposition and Defendants' sworn Declarations, are as follows. (Doc. Nos. 46-1, 46-2, 46-3.) On March 7, 2016, Sergeants Laminack and Meadough were supervising fifty-two inmates, including Plaintiff, who were working on the hoe squad approximately two miles from the Wrightsville Unit. (*Id.*) Around 10:45 a.m., a tractor pulling a tool trailer and two open trailers containing prisoners headed back to the Unit. (*Id.*) While ascending a levy, the tractor stalled and slid backwards approximately fifteen feet, causing the tool trailer to jack knife and the two inmate trailers to bounce. (*Id.*) The impact caused Plaintiff to "hit" and "scratch" his lower back on the trailer railing. (Doc. No. 46-1 at 14-15.) Plaintiff alleges the trailer "bounced" a second time, throwing him over the railing and onto the ground.[2] (Doc. No. 2 at 5, 11.) Plaintiff, who returned to standing unassisted, claims he experienced "muscle pain" and one or more "scratches" on his lower back that "split the skin a little bit." (Doc. No. 46-1 at 16, 26.)

Defendants Laminack and Meadough immediately called their supervisor to the scene and ordered all inmates to stand in line to be counted. (Doc. Nos. 46-1, 46-2, 46-3.) Upon arrival, the supervisor individually interviewed each of the fifty-two inmates and photographed all reported injuries, all of which were minor. (*Id.*) Defendants then loaded all the prisoners back onto the trailers, returned them to the Unit, searched them for weapons, brought them to the cafeteria to complete witness statements, and escorted those reporting injuries to the prison infirmary. (Doc.

---

[2]Defendants claim none of the prisoners were thrown to the ground. (Doc. Nos. 46-2, 46-3.) However, at the summary judgment stage, the Court must construe this disputed fact in Plaintiff's favor. *See Wood v. SatCom Mktg., LLC,* 705 F.3d 823, 828 (8th Cir. 2013); *Naucke,* 284 F.3d at 927.

Nos. 46-1, 46-2, 46-3.) Plaintiff contends this process took two hours.[3] (Doc. 46-1 at 17.) While in the infirmary, a non-party nurse examined Plaintiff and took additional photographs of his injury, which she described as "a scratch" on his "right back" and an "alteration in comfort."[4] (Doc. No. 46-5.) She then cleaned Plaintiff's scratch, gave him naproxen for pain, and released him from work duty for five days. (Doc. Nos. 46-1 at 27, 46-5.)

## IV. ANALYSIS

### A. Sovereign Immunity from Monetary Damages on Official Capacity Claims

Defendants Meadough and Laminack argue they are entitled to sovereign immunity, under the Eleventh Amendment, from Plaintiff's request for monetary damages against them in their official capacities. (Doc. No. 46.) I agree and recommend that request for relief be dismissed with prejudice. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (providing the doctrine of sovereign immunity prevents a plaintiff from obtaining monetary damages against state officials named in their official capacities); *but see Murphy v. State of Ark.,* 127 F.3d 750, 754 (8th Cir. 1997) (clarifying that sovereign immunity does not bar monetary damages against state officials in their individual capacities, or prospective injunctive relief against state officials in their official capacities).

### B. Qualified Immunity from Monetary Damages on Individual Capacity Claims

Sergeants Meadough and Laminack also argue they are entitled to qualified immunity from Plaintiff's request for monetary damages against them in their individual capacities. (Doc. No.

---

[3]In his verified Complaint and the attached grievance, Plaintiff alleges this process took two hours, while in his deposition, Plaintiff said it took one hour. (Doc. No. 2 at 5, 11; Doc. No. 46-1 at 17.) For summary judgment purposes, the Court will give Plaintiff the benefit of the longer duration.

[4]Copies of the photographs taken in the field and in the infirmary have been filed in the record. (Doc. Nos. 46-4, 46-5.) However, because the copies are of poor quality, it is impossible to see any injuries.

46.) They are correct.

Qualified immunity shields government officials, acting in their individual capacities, from "civil damages" if their actions did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *see also Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cty. Sheriff's Office,* 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (clarifying that the privilege is "an immunity from suit rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether defendants are entitled to qualified immunity, a court must consider whether: (1) the facts, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) that right was clearly established at the time of the alleged violation, such that a reasonable official would have known that his or her actions were unlawful. *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016); *see also Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (explaining that courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand"). Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Williams v. Decker,* 767 F.3d 734, 739 (8th Cir. 2014). Upon review of the record in this case, I find the facts shown, construed in the light most favorable to Plaintiff, do not establish a constitutional violation.

"The Eighth Amendment requires state prison officials to provide inmates with needed medical care." *Cullor,* 830 F.3d at 836. To establish a violation of that constitutional right,

Plaintiff must prove: (1) he had an objectively serious medical need; and (2) Defendants Laminack and Meadough subjectively knew of, but deliberately disregarded, that serious medical need. *Id.; Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).

A medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment, or was so obvious that a layperson would recognize the need for a physician's attention." *Christian v. Wagner*, 623 F.3d 608, 613 (8th Cir. 2010); *McRaven v. Sanders,* 577 F.3d 974, 982 (8th Cir. 2009). Here, Plaintiff suffered muscle pain and one or more scratches, which were treated with antiseptic and over the counter pain medications. It is doubtful a reasonable juror could find these injuries to be an objectively serious medical need. *See Jones v. Minn. Dep't. of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008) (holding that summary judgment is appropriate if, based on the undisputed facts, "no reasonable jury could find that [the prisoner] suffered from an objectively serious medical need").

Moreover, even if the Court were to presume that Plaintiff cleared that hurdle, he does not have any evidence establishing that either Defendant Laminack or Meadough acted with deliberate indifference. The Eighth Circuit has clarified that deliberate indifference, which is a higher standard than negligence or even gross negligence, "requires proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001). In other words, "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998). Plaintiff has not presented any such evidence. To the contrary, the parties agree that immediately after the accident, Sergeants Laminack and Meadough called their supervisor, ensured no one was seriously injured, transported the prisoners back to the unit, and took them to the prison infirmary for further evaluation and treatment by medical personnel. Plaintiff is displeased that this process took approximately two

hours to complete. However, a two-hour wait is not unusual, even in the private sector, for obtaining non-emergent medical care.

More importantly, to avoid summary judgment, Plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the alleged delay in medical treatment." *Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016); *Gibson v. Weber*, 433 F.3d 642, 646-47 (8th Cir. 2006). In other words, Plaintiff must show Defendants "ignored an acute or escalating condition," or that the delay "adversely affected his prognosis." *Schaub v. VonWald,* 638 F.3d. 905, 915 (8th Cir. 2011). During his deposition, Plaintiff testified he has back pain "off and on," which he treats with over the counter pain medications. (Doc. No. 46-1 at 27-28.) However, Plaintiff has not presented any "verifying medical evidence" demonstrating his back pain was worsened or caused by the two-hour delay in obtaining medical care in the prison infirmary.

Because no reasonable juror could find Defendants Meadough and Laminack violated Plaintiff's constitutional right to receive adequate medical care, I conclude they are entitled to qualified immunity. Consequently, I recommend Plaintiff's request for monetary damages against Defendants in their individual capacities be dismissed with prejudice.

### C. Injunctive Relief

Although Defendants' Brief is silent on the matter, sovereign and qualified immunity do not apply to Plaintiff's remaining request for injunctive relief.[5] *See Mead v. Palmer,* 794 F.3d 932, 937 (8th Cir. 2015); *Monroe v. Ark. State Univ.,* 495 F.3d 591, 594 (8th Cir. 2007). Nevertheless, for the reasons previously explained, it is clear Plaintiff does not have sufficient evidence of an Eighth Amendment violation. Thus, I also recommend that his request for injunctive relief be dismissed with prejudice.

---

[5] In the Complaint, Plaintiff seeks a variety of injunctive relief, including an examination by "a licensed orthopedic or spine specialist concerning my injury." (Doc. No. 2 at 8.)

## V. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 46) be GRANTED, and that Plaintiff's inadequate medical care claim against Defendants Meadough and Laminack in both their individual and official capacities and for all forms of relief be DISMISSED with prejudice.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 21st day of May, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE